WILLIAM CLEARY

*v.*

BILLINGS P. BABCOCK.

| 41 | 271 |
| 181 | 169 |
| 41 | 271 |
| 206 | 30 |

MISTAKE — EVIDENCE — *degree of proof required.* A court of chancery will not reform a written instrument except upon clear and satisfactory proof of a mistake.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

This was a suit in chancery, instituted in the court below by Billings P. Babcock against William Cleary, to reform a deed executed by the complainant to the defendant, in reference to an alleged mistake therein, and to enjoin a suit at law com-

menced by the latter against the former, for a breach of one of the covenants in such deed.

Such proceedings were had that the court decreed the relief sought by the bill, and the defendant thereupon took this appeal. The case is sufficiently stated in the opinion of the court, the only question being whether the alleged mistake was proven.

Mr. A. E. HARDING, for the appellant.

Messrs. FLEMING & PILLSBURY, for the appellee.

PER CURIAM : A court of chancery will not reform a written instrument, except upon clear and satisfactory proof. The complainant in this bill seeks to reform a deed by excepting from the operation of the covenants an incumbrance arising from a railroad right of way. But the proof is insufficient. The written contract originally executed between the parties was not produced, nor was there any proof that the deed was not drawn in conformity with it. The deed purported to convey lot one, with full covenants, and the proof showed it was subject to a railroad right of way which was afterward occupied by the railroad company. The evidence relied upon to show a mistake was, that the complainant and defendant both directed the surveyor to lay out a four acre lot with the center of the railway for a boundary on one side. This shows that they contracted with full knowledge of the incumbrance, and we do not understand why it should not have been excepted from the operation of the covenants, but we do not feel authorized to change the terms of a written instrument merely because they are singular in their character, and in the absence of any direct proof of mistake. The decree itself recites that the alleged mistake was not clearly proven, and that being the case there was no ground for the relief granted.

*Decree reversed.*